Filed 6/8/23  P. v. Jackson CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B322629 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BA265743-01 |
| JASMINE JACKSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles Count, Craig E. Veals, Judge.  Affirmed.

J. Kahn, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

We review this appeal pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We affirm the trial court.

In 2007, appellant Jasmine Jackson was convicted of first degree murder in violation of Penal Code section 187, subdivision (a)[1] and discharge of a firearm from a vehicle in violation of section 12034, subdivision (c). The jury found true gun enhancements under section 12022.53, subdivisions (b), (c), (d) and (e)(1).

The trial court sentenced appellant to 50 years to life in state prison for the murder and firearm enhancement and imposed and stayed a mid-term sentence on the second count. This court affirmed appellant's conviction. (*People v. Jackson* (July 8, 2008, B197767) [nonpub. opn.].)

On January 19, 2022, appellant filed a petition for resentencing pursuant to section 1172.6 (formerly section 1170.95). (Stats. 2022, ch. 58, §10.) She was represented by counsel during the proceedings. Appellant contended she could not now be convicted of murder under changes made by Senate Bill No. 1437 (2017–2018 Reg. Sess.). On May 20, 2022, the People opposed the petition, pointing out that the jury was not instructed on any theory under which malice is imputed to a person based solely on that person's participation in a crime. The People attached the jury instructions to their opposition papers.

As a second issue, because appellant was under the age of 26 at the time of her conviction, she was eligible for a youth offender parole hearing. Based on this fact, her counsel also filed a motion for a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 and *In re Cook* (2019) 7 Cal.5th 439.

---

[1]     Undesignated statutory references are to the Penal Code.

The trial court granted the motion for a youthful offender hearing under *People v. Franklin,* and appointed counsel to represent her at the hearing. The trial court then denied the resentencing petition because the jury was not instructed on any theory that would have allowed it to impute malice to appellant based on her participation in the crime. The trial court noted the jury found true that appellant personally fired the fatal shots and the only theory of liability argued by the People at trial was malice aforethought.

Appellant filed a timely notice of appeal.

We appointed counsel to represent appellant on appeal. On March 29, 2023, counsel filed a brief pursuant to *People v. Delgadillo*. The brief raised no issues. Counsel also stated they had told appellant she may file a supplemental brief within 30 days and had sent her the transcripts of the case as well as a copy of the *Delgadillo* brief.

On March 30, 2023, we sent appellant a notice that a brief raising no issues had been filed on her behalf. This court advised appellant she had 30 days within which to submit a supplemental brief or letter stating any ground for an appeal she wishes this court to consider. Appellant was advised that if no supplemental brief was timely filed, her appeal may be dismissed as abandoned. On April 17, 2023, appellant filed a supplemental brief which we discuss below.

Appellant first asks us to "reconsider and review my case." We decline to engage in independent review of the record. (*Delgadillo, supra*, 14 Cal.5th at pp. 231–232.)

Next appellant states she was 17 years old at the time of the offense, "never had a fitness hearing" and was tried as an adult. This issue is moot as the trial court granted her request

3

for a *Franklin* hearing.  To the extent it is not moot, we note the mere filing of a section 1172.6 petition does not afford a petitioner a new opportunity to raise claims of trial error. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)

Finally, appellant contends gun enhancement laws have "changed," rendering her sentence illegal.  This issue is not a proper subject of a petition filed under section 1172.6 and for that reason, we do not consider it. (*People v. Farfan*, *supra*, 71 Cal.App.5th at p. 947.)

## DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

STRATTON, P. J.

We concur:

WILEY, J

VIRAMONTES, J.

4